**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | Vanguard Natural Resources, Inc. |
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | VNR Finance Corp. |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 80-0411494 |

**4.** **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5847 San Felipe** <br> Number      Street | Number      Street |
| **Suite 3000** | P.O. Box |
| **Houston**      **TX**      **77057** <br> City      State   Zip Code | City      State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Harris County** <br> County | Number      Street |
| | City      State   Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | www.vnrenergy.com |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

| Debtor | Vanguard Natural Resources, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 (Oil and Gas Extraction)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.

| District | **Southern District of Texas** | When | **02/01/2017** MM/DD/YYYY | Case number | **See Rider 1** |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 2** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Southern District of Texas** | When | **03/31/2019** MM / DD / YYYY |
| Case number, if known | | | |

Debtor ____Vanguard Natural Resources, Inc.____            Case number *(if known)* _____
        Name

---

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____        _____   _____
City                            State     Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49                 ☒ 1,000-5,000           ☐ 25,001-50,000
☐ 50-99                ☐ 5,001-10,000          ☐ 50,001-100,000
☐ 100-199              ☐ 10,001-25,000         ☐ More than 100,000
☐ 200-999

---

**15. Estimated assets[1]**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

[1] Estimated assets reflect the latest available, unaudited information and are based on the Debtor's book values.

Debtor  Vanguard Natural Resources, Inc.     Case number *(if known)* _____
     Name

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **03/31/2019**
       MM/ DD / YYYY

✘ */s/ R. Scott Sloan*       R. Scott Sloan
  Signature of authorized representative of debtor  Printed name

Title    **President and Chief Executive Officer**

**18. Signature of attorney**  ✘ */s/ Brian E. Schartz*  Date **03/31/2019**
        Signature of attorney for debtor    MM/ DD/YYYY

**Brian E. Schartz, P.C.**
Printed name

**Kirkland & Ellis LLP**
Firm name

**609 Main Street**
Number      Street

**Houston**         **Texas**   **77002**
City           State    ZIP Code

**(713) 836-3600**       **brian.schartz@kirkland.com**
Contact phone        Email address

**24099361**       **Texas**
Bar number        State

Official Form 201A (12/15)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| VANGUARD NATURAL RESOURCES, INC., | Case No. 19-_____(____) |
| Debtor. | |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

    1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-33756**

    2.   The following financial data is the latest available information and refers to the debtor's condition on **February 28, 2019**

    (a)   Total assets    $   **$1,477,699,661.23[2]**

    (b)   Total debts (including debts listed in 2.c., below)    $   **$1,196,354,335.36**

    (c)   Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | | $ | |
|---|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | | | | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | | | | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | | | | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | | | | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | | | | $ | |

    (d)   Number of shares of preferred stock    **0**

    (e)   Number of shares of common stock    **20,124,080 issued and outstanding[3]**

Comments, if any:

    3.   Brief description of debtor's business:  **The Debtors are an oil and natural gas company with production and development activities in the Rocky Mountain, Mid-Continent, Gulf Coast, and West Texas regions of the United States.**

    4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Marathon Asset Management (24.4%), Contrarian Capital Management (16.7%), Morgan Stanley & Co. LLC (10.9%), Monarch Alternative Capital LP (10.2%), Silver Point Capital, L.P. (7.0%), J.P. Morgan Chase & Co. (6.3%), Fidelity Management & Research LLC (6.0%).**

---

[2]   Estimated assets reflect the latest available, unaudited information and are based on the Debtor's book values.

[3]   As of March 27, 2019.

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
</table>

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

## **Rider 1**

### **Prior bankruptcy cases filed by the debtor within the last 8 years**

| | |
|---|---|
| Vanguard Natural Resources, LLC | Case No. 17-30560 |
| Eagle Rock Acquisition Partnership, L.P. | Case No. 17-30570 |
| Eagle Rock Acquisition Partnership II, L.P. | Case No. 17-30571 |
| Eagle Rock Energy Acquisition Co., Inc. | Case No. 17-30565 |
| Eagle Rock Energy Acquisition Co. II, Inc. | Case No. 17-30566 |
| Eagle Rock Upstream Development Company, Inc. | Case No. 17-30568 |
| Eagle Rock Upstream Development Company II, Inc. | Case No. 17-30569 |
| Escambia Asset Co. LLC | Case No. 17-30573 |
| Escambia Operating Co. LLC | Case No. 17-30574 |
| Encore Clear Fork Pipeline LLC | Case No. 17-30572 |
| Vanguard Natural Gas, LLC | Case No. 17-30562 |
| Vanguard Operating, LLC | Case No. 17-30561 |
| VNR Finance Corp. | Case No. 17-30563 |
| VNR Holdings, LLC | Case No. 17-30564 |

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
</table>

Fill in this information to identify the case:

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

**Rider 2**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Vanguard Natural Resources, Inc.

| |
|---|
| Vanguard Natural Resources, Inc. |
| Eagle Rock Acquisition Partnership, L.P. |
| Eagle Rock Acquisition Partnership II, L.P. |
| Eagle Rock Energy Acquisition Co., Inc. |
| Eagle Rock Energy Acquisition Co. II, Inc. |
| Eagle Rock Upstream Development Company, Inc. |
| Eagle Rock Upstream Development Company II, Inc. |
| Escambia Asset Co. LLC |
| Escambia Operating Co. LLC |
| Vanguard Natural Gas, LLC |
| Vanguard Operating, LLC |
| VNR Holdings, LLC |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VANGUARD NATURAL RESOURCES, INC., | Case No. 19-_____(___) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| DEBTOR | EQUITY HOLDERS | ADDRESS OF EQUITY HOLDER | TYPE OF EQUITY SECURITY[2] | PERCENTAGE HELD |
|---|---|---|---|---|
| Vanguard Natural Resources, Inc. | Marathon Asset Management, L.P. | One Bryant Park 38th Floor New York, NY 10036 | Common Stock | 24.4% |
| | Contrarian Capital Management, L.L.C. | 411 West Putnam Avenue Suite 425 Greenwich, CT 06830 | Common Stock | 16.7% |
| | Morgan Stanley & Co. LLC | 1585 Broadway New York, NY 10036 | Common Stock | 10.9% |
| | Monarch Alternative Capital LP | 535 Madison Avenue New York, NY 10022 | Common Stock | 10.2% |
| | Silver Point Capital, L.P. | Two Greenwich Plaza Greenwich, CT 06830 | Common Stock | 7.0% |
| | J.P. Morgan Chase & Co. | 270 Park Avenue New York, NY 10017 | Common Stock | 6.3% |
| | Fidelity Management & Research LLC | 245 Summer Street Boston, MA 02210 | Common Stock | 6.0% |

---

[1]   This list reflects holders of five percent or more of Vanguard Natural Resources, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of 50 Largest Unsecured Creditors, (II) Authorizing Redaction of Certain Personal Identification Information, (III) Waiving the Requirement to File Equity Lists and Modifying Equity Holder Notice Requirements, (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (V) Granting Related Relief* filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

[2]   Outstanding warrants are not reflected in ownership.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| VANGUARD NATURAL RESOURCES, INC. | )    Case No. 19-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

       Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Marathon Asset Management, L.P. | 24.4% |
| Contrarian Capital Management, L.L.C. | 16.7% |
| Morgan Stanley & Co. LLC | 10.9% |
| Monarch Alternative Capital LP | 10.2% |

**Fill in this information to identify the case:**

Debtor name: Vanguard Natural Resources, Inc., *et al.*

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured Claim |
| 1 | PINEDALE ENERGY PARTNERS Tyler Beaty 6100 SOUTH YALE AVENUE SUITE 800 TULSA, OK 74136 | PINEDALE ENERGY PARTNERS Tyler Beaty PHONE: 918-381-2482 FAX: 918-392-3281 EMAIL: tbeaty@pinedaleep.com | Trade Claim | | | | $2,382,606.31 |
| 2 | WGR OPERATING LP Brittany Lutz 1201 Lake Robbins Drive The Woodlands, TX 77380 | WGR OPERATING LP Brittany Lutz PHONE: 832-636-1000 FAX: EMAIL: Brittany.Lutz@anadarko.com | Trade Claim | | | | $2,106,879.14 |
| 3 | XTO ENERGY INC Janie Gamboa 22777 Springwoods Village Pkwy Spring, TX 77389 | XTO ENERGY INC Janie Gamboa PHONE: 817-870-2800 FAX: 817-870-2800 EMAIL: janie_gamboa@xtoenergy.com | Trade Claim | | | | $978,895.89 |
| 4 | ENTERPRISE JONAH GAS GATHERING Stephanie Moroz P.O. Box 4324 Houston, TX 77210-4324 | ENTERPRISE JONAH GAS GATHERING Stephanie Moroz PHONE: EMAIL: JKHalladay@eprod.com | Trade Claim | | | | $543,979.50 |
| 5 | OXY USA INC Katherine Rosenstein c/o Occidental Petroleum Corporation 5 Greenway Plaza Suite 110 HOUSTON, TX 77046-0521 | OXY USA INC Katherine Rosenstein PHONE: 713-215-7000 FAX: 713-215-7095 EMAIL: katherine_rosenstein@oxy.com | Trade Claim | | | | $433,036.08 |
| 6 | WHITE ROCK OIL & GAS LLC Robert Matejek 5810 TENNYSON PKWY STE 500 PLANO, TX 75024 | WHITE ROCK OIL & GAS LLC Robert Matejek PHONE: 214-981-1400 FAX: 214-981-1401 EMAIL: royaltyinfo@whiterockog.com | Trade Claim | | | | $359,263.54 |
| 7 | POWDER RIVER MIDSTREAM, LLC Alan J. Brown 200 N LORAINE ST #300 MIDLAND, TX 79701 | POWDER RIVER MIDSTREAM, LLC Alan J. Brown PHONE: 432-682-6800 FAX: EMAIL: | Trade Claim | | | | $307,541.21 |
| 8 | J-W POWER COMPANY Howard Westerman 15505 Wright Brothers Drive Addison, TX 75001 | J-W POWER COMPANY Howard Westerman PHONE: 972-233-8191 FAX: 972-233-8191 EMAIL: info@jwenergy.com | Trade Claim | | | | $280,798.56 |
| 9 | CORTERRA ENERGY OPERATING, LLC Valerie Mitchell 1717 S BOULDER AVE #900 TULSA, OK 74119 | CORTERRA ENERGY OPERATING, LLC Valerie Mitchell PHONE: 918-615-0400 FAX: 918-615-0399 EMAIL: BCRUMP@CORTERRAENERGY.COM | Trade Claim | | | | $250,612.48 |
| 10 | GRAND RIVER GATHERING LLC Brock Degeyter 2300 WINDY RIDGE PARKWAY #840N ATLANTA, GA 30339 | GRAND RIVER GATHERING LLC Brock Degeyter PHONE: 770-504-5000 FAX: EMAIL: info@summitmidstream.com | Trade Claim | | | | $247,593.25 |

1  The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Debtor: Vanguard Natural Resources, Inc., et al.                                                                                                    Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | BACHMAN SERVICES, INC.<br>Angela Bachman<br>2220 South Prospect Avenue<br>Oklahoma City, OK 73143 | BACHMAN SERVICES, INC.<br>Angela Bachman<br>PHONE: 405-677-8296<br>FAX: 405-677-8296<br>EMAIL: | Trade Claim | | | | $241,463.95 |
| 12 | TOTEM WELL SERVICE, LLC<br>63 Lake Arthur Hwy<br>ARTESIA, NM 88210 | TOTEM WELL SERVICE, LLC<br>PHONE: 575-746-6214<br>FAX: 575-746-6214<br>EMAIL: | Trade Claim | | | | $239,247.96 |
| 13 | RAY WESTALL OPERATING, INC.<br>Ray Westall<br>132447 Highway 82<br>LOCO HILLS, NM 88255 | RAY WESTALL OPERATING, INC.<br>Ray Westall<br>PHONE: 575-677-2370<br>FAX: 575-677-2370<br>EMAIL: | Trade Claim | | | | $228,124.26 |
| 14 | VIVA ENERGY SERVICES LLC<br>David Kimbell, Jr.<br>700 Avenue E<br>ODESSA, TX 79763 | VIVA ENERGY SERVICES LLC<br>David Kimbell, Jr.<br>PHONE: 432-552-0800<br>FAX: 432-552-0800<br>EMAIL: davidjr@burkroyalty.com | Trade Claim | | | | $223,360.12 |
| 15 | TRINITY OPERATING (USG) LLC<br>John Garcia<br>601 TRAVIS ST., SUITE 1900<br>HOUSTON, TX 77002-3253 | TRINITY OPERATING (USG) LLC<br>John Garcia<br>PHONE: 713-374-1508<br>FAX:<br>EMAIL: John.garcia@nexteraenergy.com | Trade Claim | | | | $221,113.27 |
| 16 | HILCORP SAN JUAN, LP<br>Michael D. Fertitta<br>1111 Travis Street<br>HOUSTON, TX 77002 | HILCORP SAN JUAN, LP<br>Michael D. Fertitta<br>PHONE: 713-209-2400<br>FAX: 713-209-2400<br>EMAIL: mfertitta@hilcorp.com | Trade Claim | | | | $217,563.66 |
| 17 | CITATION OIL & GAS CORP<br>Alice Zhang<br>14077 Cutten Road<br>HOUSTON, TX 77069-2212 | CITATION OIL & GAS CORP<br>Alice Zhang<br>PHONE: 281-891-1000<br>FAX: 281-891-1000<br>EMAIL: dcerny@cogc.com | Trade Claim | | | | $211,977.69 |
| 18 | MERIT ENERGY CO<br>Terry Gottberg<br>13727 Noel Road<br>Suite 1200, Tower 2<br>DALLAS, TX 75240 | MERIT ENERGY CO<br>Terry Gottberg<br>PHONE: 972-701-8377<br>FAX: 972-701-8377<br>EMAIL: | Trade Claim | | | | $209,275.80 |
| 19 | DIAMONDBACK E&P LLC<br>Randall J. Holder<br>500 West Texas Ave<br>SUITE 1200<br>MIDLAND, TX 797701 | DIAMONDBACK E&P LLC<br>Randall J. Holder<br>PHONE: 432-221-7456<br>FAX: 432-221-7456<br>EMAIL: ap@diamondbackenergy.com | Trade Claim | | | | $200,643.33 |
| 20 | BASIC ENERGY SERVICES LP<br>Jake Havins<br>787 VALLEY CT<br>GRAND JUNCTION, CO 81505 | BASIC ENERGY SERVICES LP<br>Jake Havins<br>PHONE: 817-334-4100<br>FAX: 817-334-4100<br>EMAIL: ar@basicenergyservices.com | Trade Claim | | | | $193,632.44 |
| 21 | OXLEY ENERGY LLC<br>Stephen M. Oxley<br>13130 Memorial Dr<br>HOUSTON, TX 77079 | OXLEY ENERGY LLC<br>Stephen M. Oxley<br>PHONE:<br>FAX: 713-467-1168<br>EMAIL: JDOMINGUEZ@OXLEYENERGY.COM | Trade Claim | | | | $177,690.81 |

Debtor: Vanguard Natural Resources, Inc., et al.                                                                              Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 22  DJH OIL AND GAS LLC<br>J Standefer<br>712 MAIN ST #1900<br>HOUSTON, TX 77002 | DJH OIL AND GAS LLC<br>J Standefer<br>PHONE: 713-228-5911<br>FAX:<br>EMAIL: jstandefer@harrisoninterests.com | Trade Claim | | | | $170,694.35 |
| 23  Q2 ARTIFICIAL LIFT SERVICES<br>Doug Quinn<br>3611 Hwy 158<br>MIDLAND, TX 79706 | Q2 ARTIFICIAL LIFT SERVICES<br>Doug Quinn<br>PHONE: 432-685-2600<br>FAX: 432-685-2600<br>EMAIL:  dquinn@Q2als.com | Trade Claim | | | | $166,392.22 |
| 24  ZATTS ELECTRIC LLC<br>Diana Gutierrez<br>809 E 15th Street<br>Denver City, TX 79323 | ZATTS ELECTRIC LLC<br>Diana Gutierrez<br>PHONE: 806-592-7051<br>FAX: 806-592-7050<br>EMAIL: zattselectic@zatts.us | Trade Claim | | | | $165,846.60 |
| 25  PREMIER EQUIPMENT CORPORATION<br>13918 AIRLINE HWY<br>BATON ROUGE, LA 70817 | PREMIER EQUIPMENT CORPORATION<br>PHONE: 225-755-2240<br>FAX: 225-755-2240<br>EMAIL: info@premierequipla.com | Trade Claim | | | | $164,756.85 |
| 26  BP AMERICA PRODUCTION COMPANY<br>501 Westlake Park Boulevard<br>HOUSTON, TX 77079 | BP AMERICA PRODUCTION COMPANY<br>PHONE: 281-366-2000<br>FAX: 281-366-7584<br>EMAIL: | Trade Claim | | | | $161,758.54 |
| 27  RANGER WELL SERVICES, LLC<br>Pamela Benge<br>119 E Washington<br>Lovington, NM 88260 | RANGER WELL SERVICES, LLC<br>Pamela Benge<br>PHONE: 575-390-2565<br>FAX:<br>EMAIL: | Trade Claim | | | | $160,225.86 |
| 28  SOUTHERN PINE ELECTRIC COOP<br>2134 South Boulevard<br>BREWTON, AL 36426 | SOUTHERN PINE ELECTRIC COOP<br>PHONE: 251-867-5415<br>FAX: 251-867-3925<br>EMAIL: | Utility | | | | $157,565.74 |
| 29  A & A TANK TRUCK CO.<br>576 SW Highway 2<br>Wilburton, OK 74578 | A & A TANK TRUCK CO.<br>PHONE: 918-465-3899<br>FAX: 918-465-3899<br>EMAIL: | Trade Claim | | | | $156,016.57 |
| 30  GARNER PUMP & SUPPLY INC<br>Larry Harper<br>3311 Industrial Drive<br>Hobbs, NM 88240 | GARNER PUMP & SUPPLY INC<br>Larry Harper<br>PHONE: 575-397-4788<br>FAX: 575-397-4788<br>EMAIL: gnrpmp30@hotmail.com | Trade Claim | | | | $138,193.62 |
| 31  CUDD PUMPING SERVICES INC<br>2828 Technology Forest Blvd.<br>The Woodlands, TX 77381 | CUDD PUMPING SERVICES INC<br>PHONE: 832-295-5555<br>FAX: 832-295-4555<br>EMAIL: cpcinfo@cudd.com | Trade Claim | | | | $138,044.55 |
| 32  C E HARMON OIL INC<br>5555 E 71ST STREET STE 9300<br>TULSA, OK 74136 | C E HARMON OIL INC<br>PHONE: 918-663-8515<br>FAX: 918-663-8515<br>EMAIL: | Trade Claim | | | | $135,151.71 |

Debtor: Vanguard Natural Resources, Inc., et al.                                                                                      Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 33 | WHITE STAR PETROLEUM II, LLC Jeffrey J. Zanotti 301 NW 63rd Street Suite 600 OKLAHOMA CITY, OK 73116 | WHITE STAR PETROLEUM II, LLC Jeffrey J. Zanotti PHONE: 405-418-8000 FAX: 405-418-8000 EMAIL: kathy.raines@wstr.com | Trade Claim | | | | $127,215.91 |
| 34 | COASTAL CHEMICAL CO LLC Robyn Hartwell 3520 Veterans Memorial Drive Abbeville, LA 70510 | COASTAL CHEMICAL CO LLC Robyn Hartwell PHONE: 337-898-0001 FAX: 337-898-0001 EMAIL: rhartwell@brenntag.com | Trade Claim | | | | $126,569.44 |
| 35 | REEF SERVICES LLC Larry Odonnell 7906 West Highway 80 MIDLAND, TX 79706 | REEF SERVICES LLC Larry Odonnell PHONE: 432-560-5600 FAX: 432-560-5633 EMAIL: | Trade Claim | | | | $125,943.40 |
| 36 | XCEL ENERGY Scott Wilensky 414 Nicollet Mall MINNEAPOLIS, MN 55401 | XCEL ENERGY Scott Wilensky PHONE: 612- 330-5500 FAX: 612- 330-5500 EMAIL: customerservice@xcelenergy.com | Utility | | | | $122,858.93 |
| 37 | SHERIDAN PRODUCTION COMPANY, LLC Cheryl S. Phillips 1360 Post Oak Blvd. Suite 2500 Houston, TX 77056 | SHERIDAN PRODUCTION COMPANY, LLC Cheryl S. Phillips PHONE: 713-548-1000 FAX: 713-548-1000 EMAIL: ar@sheridanproduction.com | Trade Claim | | | | $120,155.98 |
| 38 | IMPACT! CHEM TECHNOLOGIES  INC 10501 E Highway 80 MIDLAND, TX 79706 | IMPACT! CHEM TECHNOLOGIES  INC PHONE: 432-458-3500 FAX: 432-458-3500 EMAIL: | Trade Claim | | | | $119,336.50 |
| 39 | MERCER WELL SERVICE/TSWS 616 W Main St Whitesboro, TX 76273 | MERCER WELL SERVICE/TSWS PHONE: 903-564-3730 FAX: 903-564-3206 EMAIL: | Trade Claim | | | | $117,247.55 |
| 40 | TRINITY ENVIRONMENTAL SWD LLC Whitney Kelly 13443 Highway 71 W SUITE 200 BEE CAVE, TX 78738 | TRINITY ENVIRONMENTAL SWD LLC Whitney Kelly PHONE: 512- 582-8050 FAX: 512- 582-8050 EMAIL: accounting@trinityenv.com | Trade Claim | | | | $116,395.76 |
| 41 | COG OPERATING LLC Alyssa Duran 600 W. Illinois Avenue MIDLAND, TX 79701 | COG OPERATING LLC Alyssa Duran PHONE: 432-221-0340 FAX: 432-683-7441 EMAIL: aduran@concho.com | Trade Claim | | | | $111,058.06 |
| 42 | SUNSET WELL SERVICE INC Rita A Savala 1507 N Dogwood Ave Gardendale, TX 79758 | SUNSET WELL SERVICE INC Rita A Savala PHONE: 432-561-8600 FAX: 432-561-8600 EMAIL: sunsetwellservice@yahoo.com | Trade Claim | | | | $110,069.97 |
| 43 | IHS GLOBAL INC Sari Granat 15 Inverness Way East Englewood, CO 80112 | IHS GLOBAL INC Sari Granat PHONE: 303-790-0600 FAX: 303-397-2599 EMAIL: Sari.Granat@ihsmarkit.com | Trade Claim | | | | $109,998.36 |

Debtor: Vanguard Natural Resources, Inc., et al.

Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 44 | ENERFLEX ENERGY SYSTEMS INC Greg Stewart 10815 TELGE ROAD HOUSTON, TX 77095 | ENERFLEX ENERGY SYSTEMS INC Greg Stewart PHONE: 281-345-9300 FAX: 281-345-7434 EMAIL: info@enerflex.com | Trade Claim | | | | $107,743.16 |
| 45 | MARKWEST ENERGY 1515 Araphoe Street Tower 1, Suite 1600 Denver, CO 80202 | MARKWEST ENERGY PHONE: 303-925-9200 FAX: 303-290-8769 EMAIL: | Trade Claim | | | | $102,989.78 |
| 46 | DNOW LP Robert Workman 7402 N Eldridge Pkwy HOUSTON, TX 77041 | DNOW LP Robert Workman PHONE: 307- 856-6533 FAX: 307- 856-6533 EMAIL: cp1@dnow.com; ap@dbnow.com | Trade Claim | | | | $96,459.14 |
| 47 | ENTERPRISE GAS PROCESSING LLC 2727 North West Suite 700 HOUSTON, TX 77008 | ENTERPRISE GAS PROCESSING LLC PHONE: 713-880-6500 FAX: 713-381-4365 EMAIL: GOMgasprocessing@eprod.com | Trade Claim | | | | $93,380.76 |
| 48 | ARCHROCK SERVICES, L.P. Jeff Eskridge 9807 KATY FREEWAY #100 HOUSTON, TX 77024 | ARCHROCK SERVICES, L.P. Jeff Eskridge PHONE: 281- 836-8155 FAX: 281- 836-8155 EMAIL: jeff.eskridge@archrock.com | Trade Claim | | | | $92,532.76 |
| 49 | TITANIUM  EXPLORATION PARTNERS, LLC Hamel Reinmiller 320 South Boston Suite 1000 Tulsa, OK 74103 | TITANIUM  EXPLORATION PARTNERS, LLC Hamel Reinmiller PHONE: 214-751-8900 FAX: 214-751-8900 EMAIL: reinmiller@titaniumep.com | A&D Post Close True Up | Unliquidated | | | Undetermined |
| 50 | NEWFIELD EXPLORATION 4 Waterway Square Price Suite 100 The Woodlands, TX 77380 | NEWFIELD EXPLORATION PHONE: 281-210-5100 FAX: 281-210-5101 EMAIL: treasury.receipts@newfield.com | Trade Claim | Unliquidated | | | Undetermined |

<table>
<tr><td colspan="2">Fill in this information to identify the case and this filing:</td></tr>
<tr><td>Debtor Name:</td><td>Vanguard Natural Resources, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Texas<br>(State)</td></tr>
<tr><td colspan="2">Case number (If known):</td></tr>
</table>

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration  Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11, Corporate Ownership Statement, and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 03/31/2019 | ☒ /s/ R. Scott Sloan |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **R. Scott Sloan** |
| | Printed name |
| | **President and Chief Executive Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**WRITTEN CONSENT IN LIEU OF MEETING OF**
**THE BOARD OF DIRECTORS OF VANGUARD NATURAL RESOURCES, INC.**
**March 31, 2019**

The undersigned, being the board of directors (the "Board") of Vanguard Natural Resources, Inc., a Delaware corporation (the "Parent"), pursuant to the bylaws (as amended, restated, amended and restated, supplemented or otherwise modified on or prior to the date hereof) of the Parent and Section 141(f) of the Delaware General Corporation Law, hereby take the following actions and adopt the following resolutions by unanimous written consent:

**WHEREAS**, the Parent is the sole member of Vanguard Natural Gas, LLC, a Kentucky limited liability company ("VNG");

**WHEREAS**, VNG is the sole member of Vanguard Operating, LLC, a Delaware limited liability company ("Vanguard Operating");

**WHEREAS**, VNG is the sole member of VNR Holdings, LLC, a Delaware limited liability company ("VNR Holdings");

**WHEREAS**, VNG is the manager of each of Escambia Operating Co. LLC, a Delaware limited liability company ("Escambia Operating"), and Escambia Asset Co. LLC, a Delaware limited liability company ("Escambia Asset");

**WHEREAS**, Vanguard Operating is the sole stockholder of Eagle Rock Energy Acquisition Co., Inc. ("EREAC I");

**WHEREAS**, Vanguard Operating is the sole stockholder of Eagle Rock Energy Acquisition Co. II, Inc. ("EREAC II");

**WHEREAS**, EREAC I is the sole stockholder of Eagle Rock Upstream Development Company, Inc. ("ERUDC I");

**WHEREAS**, EREAC II is the sole stockholder of Eagle Rock Upstream Development Company II, Inc. ("ERUDC II," and, collectively with EREAC I, EREAC II, and ERUDC I, the "Corporate Subsidiaries");

**WHEREAS**, ERUDC I is the general partner of Eagle Rock Acquisition Partnership, L.P. ("ERAP");

**WHEREAS**, ERUCD II is the general partner of Eagle Rock Acquisition Partnership II, L.P., ("ERAP II," and, collectively, with VNG, Vanguard Operating, VNR Holdings, Escambia Operating, Escambia Asset, ERAP, and the Corporate Subsidiaries, the "Subsidiaries," and, the Subsidiaries together with the Parent, collectively, the "Company").

1

## Chapter 11 Filing

**WHEREAS**, the Board considered presentations by the Company's management (the "<u>Management</u>") and financial, restructuring, and legal advisors (collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the Management and the Advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction (the "<u>Bankruptcy Court</u>"); and

**RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, General Counsel, or any other duly appointed officer of the Company (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements) as necessary to commence the Chapter 11 Cases, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

## Retention of Professionals

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP ("<u>Kirkland</u>"), as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Blank Rome LLP ("<u>Blank Rome</u>"), as the Company's co-bankruptcy counsel; and, in connection therewith, each of the Authorized

2

Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Blank Rome in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Evercore Group L.L.C. ("Evercore"), as the Company's financial advisor and investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Evercore in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Opportune LLP ("Opportune"), as the Company's restructuring advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Opportune in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Prime Clerk LLC ("Prime Clerk"), as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such cases.

**Debtor-in-Possession Financing**

**WHEREAS**, reference is made to that certain Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement") dated as of, or about, the date hereof, by and among VNG, as the borrower (the "Borrower") and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy code, the Parent and certain Subsidiaries as guarantors and as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code, Citibank, N.A. as administrative agent (the "DIP Agent"), the lenders from time to time party thereto (collectively, the "DIP Lenders"), and the other agents referred to therein;

**WHEREAS**, the Borrower has requested that DIP Lenders provide a senior secured debtor-in-possession revolving credit facility to the Borrower, a portion of which shall be used to roll up revolving credit exposure of the DIP Lenders under the Prepetition Credit Agreement (as defined in the DIP Credit Agreement);

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, the Borrower entering into the DIP Credit Agreement and the Borrower and the Company satisfying certain conditions in the DIP Credit Agreement;

**WHEREAS**, the Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company that the Company enters into the DIP Credit Agreement and performs its obligations thereunder; and

**WHEREAS**, the Company will obtain benefits from the other Loan Documents (as defined in the DIP Credit Agreement, the "DIP Loan Documents") and it is advisable and in the best interest of the Company that it enter into each DIP Loan Document to which it is a party and to perform its obligations thereunder, including guaranteeing the obligations of the Borrower and the Company under the Loan Documents and granting security interests in all or substantially all of its assets.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement and each other DIP Loan Document, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder) and each other DIP Loan Document, the transactions contemplated therein, and the guarantees, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved;

**RESOLVED**, that the Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company that the Company enters into the DIP Credit Agreement and performs its obligations thereunder;

**RESOLVED**, that the Company will obtain benefits from the other DIP Loan Documents and it is advisable and in the best interest of the Company that it enters into the DIP Loan Documents to which it is a party and performs its obligations thereunder, including

4

guaranteeing the obligations of the Borrower and the Company under the Loan Documents and granting security interests in all or substantially all of its assets;

**RESOLVED**, that the Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement and the other DIP Loan Documents, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform under the DIP Credit Agreement and the other DIP Loan Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, security agreements, pledge agreements, guarantees, mortgages, deeds of trust and any amendment or any other modification of any of the foregoing (collectively, the "Related Documents") required to consummate the transactions contemplated by the DIP Credit Agreement  and any other DIP Loan Document in the name and on behalf of the Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof.  Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, emailed, engraved, or printed as deemed necessary and preferable;

**RESOLVED,** that each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to seek authorization to enter into the DIP Credit Agreement and each other DIP Loan Document and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and each other DIP Loan Document and the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreements may require the Company to grant adequate protection and liens to the Company's DIP Lenders and other lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that (i) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Loan Documents to which the Company is a party, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by the Company as collateral (including pledges of equity, real property and personal property as collateral) under the DIP Loan Documents, (iii) the guarantee of obligations by the Company under the DIP Loan Documents, from which the Company will derive value, in each case, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Officer or other officer of the Company is hereby authorized,

empowered, and directed, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Board, the DIP Loan Documents and such other agreements, fee letters, commitment letters, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the other DIP Loan Documents and the Related Documents, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve;

**RESOLVED**, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the Prepetition Credit Agreement (as defined in the DIP Credit Agreement);

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file:  (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (d) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of the Company that either DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of

intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and

**RESOLVED**, that to the extent the Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body of any limited liability company, corporation or partnership (each such entity, a "Controlled Company"), each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlled Company.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take or cause to be taken in the name and on behalf of the Company, any all such other and further action to carry out the intent and accomplish the purposes of the resolutions adopted herein as such purposes related to the Company; and

**RESOLVED**, that the Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

* * * * *

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first above written and in the capacities as directors:

/s/ *Randall Albert*

Randall Albert

/s/ *Patrick J. Bartels, Jr.*

Patrick J. Bartels, Jr.

/s/ *W. Greg Dunlevy*

W. Greg Dunlevy

/s/ *Joseph Hurliman, Jr.*

Joseph Hurliman, Jr.

/s/ *Andrew E. Schultz*

Andrew E. Schultz

/s/ *R. Scott Sloan*

R. Scott Sloan

/s/ *L. Spencer Wells*

L. Spencer Wells

*[Signature Page - Written Consent - Vanguard]*