UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VANGUARD NATURAL RESOURCES, INC., *et al.*,[1] | ) ) ) ) | Case No. 19-31786 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on **June 12, 2019**, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing Vanguard Natural Resources, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Vanguard Natural Resources, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"); (b) approving the *Disclosure Statement Relating to the Amended Joint Plan of Reorganization of Vanguard Natural Resources, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **July 9, 2019, at 10:00 a.m.**, prevailing Central Time, before the Honorable Judge David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Houston, Texas 77002.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vanguard Natural Resources, Inc. (1494); Eagle Rock Acquisition Partnership, L.P. (6706); Eagle Rock Acquisition Partnership II, L.P. (0903); Eagle Rock Energy Acquisition Co., Inc. (4564); Eagle Rock Energy Acquisition Co. II, Inc. (3364); Eagle Rock Upstream Development Company, Inc. (0113); Eagle Rock Upstream Development Company II, Inc. (7453); Escambia Asset Co. LLC (2000); Escambia Operating Co. LLC (3869); Vanguard Natural Gas, LLC (1004); Vanguard Operating, LLC (9331); and VNR Holdings, LLC (6371). The location of the Debtors' service address is: 5847 San Felipe, Suite 3000, Houston, Texas 77057.

> **PLEASE BE ADVISED:** THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS <u>WITHOUT FURTHER NOTICE</u> OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date for Lenders and Noteholders**. The voting record date shall be **May 31, 2019**, which is the date for determining which holders of Claims in Classes 3, 4, and 5 are entitled to vote on the Plan (the "<u>Lender and Noteholder Voting Record Date</u>").

**Voting Record Date for General Unsecured Creditors**

To accommodate the June 14, 2019 Bar Date, June 14, 2019 shall be the record date to determine which Claims in Class 6 are entitled to vote on the Plan (the "<u>GUC Voting Record Date</u>" and together with the Lender and Noteholder Voting Record Date, the "<u>Voting Record Date</u>"). For administrative purposes, because the solicitation mailing precedes the Bar Date, the Debtors have requested that the Court directs the Debtors to use May 31, 2019, as the administrative record date for purposes of determining which holders of filed or scheduled Claims in Class 6 are entitled to receive the Solicitation Materials.

To the extent a creditor validly files a Proof of Claim after May 31, 2019, but on or before the GUC Voting Record Date, the Claims and Noticing Agent shall provide such creditor with the appropriate Solicitation Package, including a Ballot if applicable. If the Claims and Noticing Agent previously provided such creditor with a Ballot on account of a scheduled claim or previous Proof of Claim, the Claims and Noticing Agent shall update the creditor's voting amount, but shall not be obligated to send a new Ballot.

**Voting Deadline**. Pending approval by the Court, the deadline for voting on the Plan shall be **July 2, 2019, at 5:00 p.m.**, prevailing Central Time (the "<u>Voting Deadline</u>"). If you receive a Solicitation Package, including a Ballot, and intend to vote on the Plan you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' claims and noticing agent, Prime Clerk LLC (the "<u>Claims and Noticing Agent</u>") on or before the Voting Deadline. *A failure to follow such instructions may disqualify your vote*.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Please be advised that Article VIII of the Plan contains the following release, exculpation, and injunction provisions:**[2]

      **RELEASES BY THE DEBTORS.**

**Pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, for good and valuable consideration provided by each of the Released Parties, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party and its respective assets and property are, and are deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their Related Parties, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim or Cause of Action against, or interest in, a Debtor or other Entity (or that any holder of any claim, interest, or Cause of Action could have asserted on behalf of the Debtors), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, execution, amendment, or filing of the Plan Support Agreement, the Exit RBL/Term Loan A Facility, the Exit RBL/Term Loan A Facility Documentation, the Exit Term Loan B Facility, the Exit Term Loan B Facility Documentation, the New Preferred Equity Documentation, the DIP Facility, the DIP Credit Agreement, the DIP Loan Documents, the Credit Agreement, the Credit Agreement Documentation, the Revolving Credit Facility, the Term Loan, the Senior Notes Indenture, the Senior Notes, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any**

---

[2]  Under the Plan, "*Released Party*" means, each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) each Consenting Stakeholder; (d) the Ad Hoc Term Loan Lender Group; (e) the Noteholder Group; (f) each DIP Secured Party; (g) each Credit Agreement Secured Party; (h) each Senior Noteholder; (i) each Exit RBL/Term Loan A Facility Secured Party; (j) each Exit Term Loan B Facility Secured Party; (k) each Agent/Trustee; (l) all Holders of Interests; (m) each current and former Affiliate of each Entity in clause (a) through (l); and (n) each Related Party of each Entity in clause (a) through (l); *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Released Party."

Under the Plan, "*Releasing Party*" means, each of, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) each Consenting Stakeholder; (d) the Ad Hoc Term Loan Lender Group; (e) the Noteholder Group; (f) each DIP Secured Party; (g) each Credit Agreement Secured Party; (h) each Senior Noteholder; (i) each Exit RBL/Term Loan A Facility Secured Party; (j) each Exit Term Loan B Facility Secured Party; (k) each Agent/Trustee; (l) all Holders of Claims; (m) all Holders of Interests; (n) each current and former Affiliate of each Entity in clause (a) through (m); and (o) each Related Party of each Entity in clause (a) through (m); *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Releasing Party."

**Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Chapter 11 Cases (including the filing thereof), the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan (including the New Preferred Stock and the New Common Stock), or the distribution of property under the Plan or any other related agreement, the business or contractual arrangements between any Debtor and any Released Party, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, the Plan Support Agreement, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit RBL/Term Loan A Facility Documentation and the Exit Term Loan B Facility Documentation.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.C of the Plan by the Debtors, the Reorganized Debtors, and their Estates, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in Article VIII.C of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Causes of Action; (2) in the best interest of the Debtors, the Reorganized Debtors, and their Estates and all holders of Interests and Causes of Action; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) subject to the terms and provisions herein, a bar to the Debtors, the Reorganized Debtors, and their Estates asserting any Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their assets and property**

**RELEASES BY HOLDERS OF CLAIMS AND INTERESTS.**

**Pursuant to section 1123(b) and any other applicable provisions of the Bankruptcy Code, and except as otherwise expressly set forth in the Plan or the Confirmation Order, on and after the Effective Date, in exchange for good and valuable consideration provided by each of the Released Parties, the adequacy of which is hereby confirmed, each Released Party and its respective assets and property are, and are deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each Debtor, Reorganized Debtor, the Debtors' Estates and each Releasing Party, in each case on behalf of themselves and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or**

**out-of-court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, execution, amendment, or filing of the Plan Support Agreement, the Exit RBL/Term Loan A Facility, the Exit RBL/Term Loan A Facility Documentation, the Exit Term Loan B Facility, the Exit Term Loan B Facility Documentation, the New Preferred Equity Documentation, the DIP Facility, the DIP Credit Agreement, the DIP Loan Documents, the Credit Agreement, the Credit Agreement Documentation, the Revolving Credit Facility, the Term Loan, the Senior Notes Indenture, the Senior Notes, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document relating to any of the foregoing, created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Chapter 11 Cases (including the filing thereof), the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan (including the New Preferred Stock and the New Common Stock), or the distribution of property under the Plan or any other related agreement, the business or contractual arrangements between any Debtor and any Released Party, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligations of any party or Entity under the Plan, the Plan Support Agreement, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit RBL/Term Loan A Facility Documentation and the Exit Term Loan B Facility Documentation or any Claim or obligation arising under the Plan or (b) any Person from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person.  For the avoidance of doubt, nothing in the Plan shall be deemed to be, or construed as, a release, waiver, or discharge of any of the Indemnification Provisions.**

**EXCULPATION.**

**Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, amendment, or filing or termination of the Plan Support Agreement and related transactions, the Disclosure Statement, the Plan (including, for the avoidance of doubt, the Plan Supplement), the Exit RBL/Term Loan A Facility, the Exit RBL/Term Loan A Facility Documentation, the Exit Term Loan B Facility, the Exit Term Loan B Facility Documentation, the New Preferred Equity Documentation, the DIP Facility, the DIP Credit Agreement, the DIP Loan Documents, the Credit Agreement, the Credit Agreement Documentation, the Revolving Credit Facility, the Term Loan, the Senior Notes Indenture, the Senior Notes, or any Restructuring Transaction, contract, instrument, release or other agreement or document relating to the foregoing created or entered into before or during the Chapter 11 Cases, any**

**preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the Chapter 11 Cases (including the filing thereof), the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan (including the New Preferred Stock and the New Common Stock), or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted bad faith, gross negligence, actual fraud, or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above shall not operate to waive or release the rights of any Entity to enforce the Plan, the Plan Support Agreement, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit RBL/Term Loan A Facility Documentation and the Exit Term Loan B Facility Documentation or any claim or obligation arising under the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

### INJUNCTION.

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Causes of Action, or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims, Causes of Action, or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims, Causes of Action, or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims, Causes of Action, or interests; (4) asserting any right of setoff, subrogation, recoupment, or other similar legal or equitable right of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims, Causes of Action, or interests unless such holder has Filed a motion requesting the right to perform such legal or equitable right on or before the Effective Date, and notwithstanding an indication of a claim, Cause of Action, or interest or otherwise that such holder asserts, has, or intends to preserve any such right pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims, Causes of Action, or interests released or settled pursuant to the Plan.**

**Upon entry of the Confirmation Order, all holders of Claims and Interests and their Related Parties shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.F of the Plan.**

**Confirmation Objection Deadline**.  The deadline for filing objections to the Plan, including with regard to the treatment of Executory Contracts and Unexpired Leases thereunder, is **July 3, 2019, at 5:00 p.m.**, prevailing Central Time (the "Confirmation Objection Deadline").  All objections to the relief sought at the Confirmation Hearing *must*:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; *and* (d) be filed with the Court (contemporaneously with a proof of service) on or before the Confirmation Objection Deadline.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you may: (a) access the Debtors' restructuring website at https://cases.primeclerk.com/VNR; (b) write to Vanguard Natural Resources, Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 east 42nd Street (Park Avenue), Suite 1440, New York, NY 10165; (c) email vnrballots@primeclerk.com and reference "Vanguard" in the subject line; or (d) call (844) 216-9850 (domestic) or (347) 859-8076 (international).  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.  Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan or provide legal advice.

**The Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **June 28, 2019**, and will serve notice on parties in interest, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

> **BINDING NATURE OF THE PLAN**
>
> **IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

|  |  |
|---|---|
| Houston, Texas<br>June 13, 2019 | Respectfully Submitted,<br><br>*/s/  Brian E. Schartz* |
| **BLANK ROME LLP**<br>James T. Grogan (TX Bar No. 24027354)<br>Philip M. Guffy (TX Bar No. 24113705)<br>717 Texas Avenue, Suite 1400<br>Houston, Texas 77002<br>Telephone:     (713) 228-6601<br>Facsimile:      (713) 228-6605<br>Email:             jgrogan@blankrome.com<br>                       pguffy@blankrome.com | **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Brian E. Schartz, P.C. (TX Bar No. 24099361)<br>609 Main Street<br>Houston, Texas 77002<br>Telephone:     (713) 836-3600<br>Facsimile:      (713) 836-3601<br>Email:             brian.schartz@kirkland.com<br><br>-and-<br><br>Christopher Marcus, P.C. (admitted *pro hac vice*)<br>Aparna Yenamandra (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br>Email:             christopher.marcus@kirkland.com<br>                       aparna.yenamandra@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on June 13, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Brian E. Schartz*
                                                    Brian E. Schartz